1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TP ICAP AMERICAS HOLDINGS INC., | |
| Plaintiff, | Case No. |
| v. | COMPLAINT FOR TRADEMARK INFRINGEMENT AND RELATED CLAIMS |
| ICAP ENTERPRISES, INC. and HARBOR PLATFORM, INC., | |
| Defendants. | JURY DEMAND |

Plaintiff TP ICAP AMERICAS HOLDINGS INC. ("Plaintiff") files this Complaint

against Defendants ICAP ENTERPRISES, INC. ("iCap"), and HARBOR PLATFORM, INC.

("Harbor") (collectively "Defendants"), alleging as follows:

## I. **NATURE OF THIS CASE**

1.     Plaintiff brings this action as a result of Defendants' infringement of Plaintiff's

rights in the trademark ICAP (the "ICAP Mark"), under Section 31(1) of the Lanham Act,

15 U.S.C. § 1114(1), Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for related

claims under the statutory and common laws of the state of Washington. Plaintiff seeks

injunctive relief and damages arising from the Defendants' infringement of the Lanham Act,

15 U.S.C. §§ 1051 et seq., and Washington State common law.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

2.     Plaintiff's ICAP Mark has been in continuous use for two decades (since 2001) and is widely known among broker dealers in the financial services industry.  Plaintiff's services under the ICAP Mark are intermediary services connecting broker dealers to trading platforms and other services enabling them to trade a wide array of financial instruments, securities, shares, options, and other derivative products; stocks and bond brokerage; as well as the provision of financial information; and clearing and reconciling financial transactions via a global computer network; and stock and securities exchange price quotation.  Many of these services are rendered through the provision of electronic trading platforms.

3.     For some time Defendant iCap marketed real estate investment trusts under various designations including the term "iCap" or "ICAP" (the "Infringing Marks").  This action arises from iCap's expansion, unbeknownst to Plaintiff until recently, of use of the Infringing Marks to offer and sell investment shares to broker dealers, the same customers to whom Plaintiff markets its products in connection with the ICAP Mark, without authorization or license from Plaintiff.   This action also arises from iCap's recent offering, with Defendant Harbor, of a trading platform enabling broker dealers and others to trade investment shares.  Defendants undoubtedly knew of Plaintiff's ICAP Mark, given the latter's long use and renown, and therefore Defendants are willfully trading upon the goodwill and recognition that Plaintiff has built up for many years in and to its ICAP Mark.  Unless enjoined by this Court, Defendants' actions are likely to cause irreparable injury to Plaintiff by willfully causing confusion among the parties' broker dealer customers as to whether Defendants' activities under the ICAP Mark are endorsed by Plaintiff, when those activities are for  Defendants' own financial and reputational benefit.

## II. **PARTIES**

4.     Plaintiff is a corporation organized under the laws of the State of Delaware, located at 200 Vesey Street, New York, NY 10281.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

1     5.     Upon information and belief, iCap is a corporation organized under the laws of

2  the State of Washington, located at 3535 Factoria Blvd. SE, Suite 500, Bellevue, WA 98006.

3     6.     Upon information and belief, Harbor is a corporation organized under the laws of

4  the State of Delaware, located at 580 Pacific Avenue, San Francisco, CA 94133.

5                   **III. <u>JURISDICTION AND VENUE</u>**

6     7.     This Court has jurisdiction over the subject matter of this action pursuant to 15

7  U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), as this action involves federal questions

8  arising from Defendants' violations of the Lanham Act.  This Court has supplemental

9  jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

10     8.     This Court has both general and specific jurisdiction over iCap and Harbor

11  because each of them has committed acts within this District giving rise to this action and has

12  established minimum contacts with this forum such that the exercise of jurisdiction over each of

13  the named Defendants would not offend traditional notions of fair play and substantial justice.

14     9.     Upon information and belief, Defendant iCap is domiciled in this District and has

15  committed and continues to commit acts of trademark infringement in this District by, among

16  other things, offering its investment products and services in connection with the Infringing

17  Marks and providing financial trading platform services in connection with the Infringing Marks.

18     10.     Upon information and belief, Defendant Harbor has committed and continues to

19  commit acts of trademark infringement and contributory trademark infringement in this District

20  by, among other things, providing financial trading platform services in connection with the

21  Infringing Marks.

22     11.     Venue is proper as to the Lanham Act and common law claims in this district

23  pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise

24  to this action occurred in this district.

25

26

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

# IV. **FACTUAL BACKGROUND**

A.  **MARKET DOMINANCE OF PLAINTIFF AND THE ICAP MARK OVER TWO DECADES**

12.  Plaintiff is the American subsidiary of TP ICAP Group plc, the world's largest inter-dealer broker and a provider of broking, execution, liquidity, and information services across many sectors and asset classes in the financial industry.

13.  Under the ICAP Mark, Plaintiff offers comprehensive trading, brokerage, and information services to the financial industry. Plaintiff's voice and electronic trading platforms offered under the ICAP Mark allow Plaintiff's customers to trade various types of financial instruments including, without limitation, securities, commodities, credit products and derivatives, equities, currencies, funds, and interest rate products.

14.  Since at least as early as 2001, Plaintiff and its predecessors-in-interest have used the ICAP Mark for voice and electronic trading and broking software and services in the United States. Additionally, since at least as early as 2017, Plaintiff has offered intermediary interdealer brokerage services for a broad range of financial instruments in the United States under the trademark ICAP EQUITIES. Furthermore, since 2015 Plaintiff has offered under the mark ICAP FUSION computer software enabling, inter alia, broker dealers and large institutional investors access to electronic trading exchanges, and market information services.

15.  As a result of Plaintiff's and its predecessor-in-interest's continuous use of the ICAP Mark over the past two decades, consumers of ICAP products and services have come to associate the ICAP Mark exclusively with a single source of such products and services, namely, Plaintiff.

16.  Plaintiff provides its intermediary interdealer brokerage services under the ICAP Mark to a wide array of participants in the financial industry and markets, including broker-dealers, banks of various sizes, institutional investors, fund managers, investment advisors, and governments.

COMPLAINT FOR TRADEMARK INFRINGEMENT AND
RELATED CLAIMS - 4

4853-0527-3830.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

17.     Plaintiff, its ICAP Mark, and the products and services that Plaintiff offers in connection with its ICAP Mark, are renowned within the financial industry as a result of its market dominance.  From 2014 through 2016, Plaintiff's predecessor-in-interest ICAP plc's global revenue totaled more than 3.4 billion British pounds (4.7 billion U.S. dollars, at today's currency exchange rate).  From 2017 through the last calendar year (2020), Plaintiff's North and South American revenue has totaled 2.6 billion British pounds, which at today's currency exchange rate is 3.6 billion U.S. dollars.  Plaintiff's United States revenue from its voice, electronic, and hybrid brokerage platforms and information services offered under the ICAP Mark has totaled 1.6 billion U.S. dollars during that same period from 2017 through 2020. Plaintiff is the largest interdealer broker, by revenue, in the United States and globally.

18.     Plaintiff has won numerous awards, further contributing to the fame of its ICAP Mark, as is evident from a review of just the past few years.  In 2017, its CEO won CEO of the Year in FOW (Futures and Options World) Magazine.  In 2018, it won the recognition of "Inter-dealer Broker of the Year" at the Financial News Annual Trading & Technology Awards.  It was also ranked in 2018's Energy Risk Commodity Rankings as number one Precious Metals Broker, number one US Power Broker, number one Gold Broker, number one Silver Broker, and number one Platinum and Palladium Broker.  In 2019, Plaintiff's ICAP division received the GlobalCapital Americas Derivatives Awards in the following categories:  Interdealer Broker of the Year, FX Derivatives Interdealer Broker of the Year, and Credit Derivatives Interdealer Broker of the Year.  In 2020, Plaintiff's TP ICAP division was named Interdealer Broker of the Year and Plaintiff's ICAP division was named both Equity Derivatives Interdealer Broker of the Year and Interest Rate derivatives Interdealer Broker of the Year by GlobalCapital Americas Derivatives Awards.  In 2021, Plaintiff's TP ICAP and ICAP divisions have both received additional awards recognizing their excellence in the United States; however, Plaintiff is not yet permitted to publicize them.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

1      19.    These awards recognized the excellence of Plaintiffs' ICAP-branded services

2   offered, among other places, in the U.S.

3   **B.**    **PLAINTIFF'S U.S. TRADEMARK REGISTRATIONS**

4      20.    Beginning in 2004, Plaintiff registered several marks comprising or including the

5   ICAP Mark.

6      21.    Specifically, Plaintiff is the owner of U.S. Trademark Registration Numbers

7   3,023,673 and 5,740,135 for ICAP; U.S. Trademark Registration Number 3,618,030; and U.S.

8   Trademark Registration Number 5,034,049 for ICAP FUSION.

9      22.    Plaintiff has also applied to register, via the U.S. Trademark application assigned

10   Serial Number 90/383,795, the mark ICAP EQUITIES.

11      23.    Plaintiff's U.S. Trademark Registration Number 5,740,135 for ICAP covers the

12   following services in Classes 35, 36, 38 and 42:

13            Commercial intermediation services, namely, mediating broking
agreements regarding the sale of financial products and
14            instruments, namely, futures, swaps and options, compilation of
business price and statistical information in the nature of
15            compilation of observable and modeled pricing data of financial
products and instruments for business purposes; compilation and
16            provision of financial, securities, trade and quote, order, execution,
index value and other financial market information for business
17            purposes; preparation and compilation of business reports;
business, market research and information services in the nature of
18            trade support information, market reports, providing information
and commentary in the field of business, historical business and
19            market data, straight through processing feeds and trade reports;
and information services relating to all the foregoing; all of the
20            foregoing services are provided to participants in the nonretail
financial market (Class 35);
21

22            Financial services, namely, trading of financial instruments,
securities, shares, options and other derivative products; stock
23            broking services; stocks and bond brokerage; provision of financial
information; and clearing and reconciling financial transactions via
24            a global computer network; stock and securities exchange price
quotations; all of the foregoing services are provided to
25            participants in the nonretail financial market (Class 36);

26            Transmission of data, messages and information by computer,
electronic mail; computer communication services;

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

telecommunication services, namely, the transmission of information and data; electronic mail services; telecommunications services for providing multiple-user access to a global computer network; providing multi-user access to an electronic database for the dissemination of securities information and the direct on-line purchase of stock via wide-area computer network; providing multi-user access to a computer database in the field of securities, stocks, shares, options and warrants, featuring real time investment information in the stocks and securities market; all the aforesaid relating to the provision of connectivity to financial markets and trading systems and the provision of data related to financial markets and trading systems; not including any services relating to the development, sale, maintenance and support of software for transmitting messages and/or data on a communication network for voice and data processing, namely, software solutions, software products and services for mobile network operators with regard to all business areas (Class 38);

Design and development of computer software; computer programming; computer consultancy services; design and development of computer software; computer programming; all of the foregoing services relating to financial trading systems and provision of connectivity to financial markets, trading exchanges and platforms and to the provision of data related to financial markets and trading systems and to the provision of post-trade services in the financial markets, capture and matching of trade related data and trade tickets, transaction settlement services, netting and trade allocation services, trade and account reconciliation services, trade confirmation services, messaging services relating to post-trade activities, credit services and calculation and monitoring of credit limits and credit utilisation; design and development of software for testing trading strategies against live and historic market data and for development of proprietary trading strategies; updating of computer programs for third parties; computer systems analysis; rental of computer programs and computer database servers; software as a service ("SAAS") featuring software for use in financial services, financial trading services, broking services, stock exchange services, equities exchange services, trade matching services and investment exchange services, and providing temporary use of on-line, non-downloadable software for use in financial services, financial trading services, broking services, stock exchange services, equities exchange services, trade matching services and investment exchange services (Class 42).

24. A true and correct copy of the registration certificate for U.S. Trademark Registration Number 5,740,135 is attached hereto as **Exhibit A**.

COMPLAINT FOR TRADEMARK INFRINGEMENT AND
RELATED CLAIMS - 7

4853-0527-3830.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

25.     Plaintiff's U.S. Trademark Registration Number 3,023,673 for ICAP covers the following Class 36 services:

> Financial services, namely voice and electronic interdealer broker, of a wide range of securities products to the wholesale market, including without limitation, US Treasury products, GSE Agencies, US mortgages, Money market instruments, Euro-Government Bonds, Eurozone and US Repurchase Agreements, Credit Derivatives, Interest Rate Derivatives and other OTC Derivative instruments, Foreign Exchange Spot, Foreign Exchange Forwards, US Corporate securities, US Municipal securities, Equity instruments, Equity Derivatives, and Energy products inclusive of Oil, Power, Natural Gas and Coal.

26.     A true and correct copy of the registration certificate for U.S. Reg. No. 3,023,673 is attached hereto as **Exhibit B**.

27.     Plaintiff's U.S. Trademark Registration Number 3,618,030 for ICAP and Design covers the following services in Classes 9 and 36:

> Electronic publications, namely, magazines, newsletters and reports featuring market commentary, research and investment reports recorded on computer media (Class 9);

> Investment, namely, inter-dealer broking, financing, brokerage in the field of a wide range of securities products to the wholesale market, namely, US Treasury products, GSE Agencies, US mortgages, Money market instruments, Euro-Government Bonds, Eurozone and US Repurchase Agreements, Credit Derivatives, Interest Rate Derivatives and other OTC Derivative instruments, Foreign Exchange Spot, Foreign Exchange Forwards, US Corporate securities, US Municipal securities, Equity instruments, Equity Derivatives, and Energy products inclusive of Oil, Power, Natural Gas and Coal; credit, namely, credit default swaps and related products; foreign currency exchange transactions, money transfer services and exchange services; financial guarantees; inter-dealer broking relating to interest rate swaps and interest rate options; equity derivatives; and commodity trading for others; brokerage for trading of financial instruments, financial products, and derivatives; debt trading services; on-line banking services; providing online financial information in the nature of trade support information, market reports, commentary services, historical data, straight-through-processing feeds and trade reports all of which services are provided to participants in the non-retail financial market; financial evaluations; fiscal assessments and valuations conducted for the purpose of facilitating the brokerage and trading of financial instruments. (Class 36)

COMPLAINT FOR TRADEMARK INFRINGEMENT AND
RELATED CLAIMS - 8

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

28.     A true and correct copy of the registration certificate for U.S. Registration Number 3,618,030 is attached hereto as **Exhibit C**.

29.     Plaintiff's U.S. Trademark Registration Number 5,034,049 for ICAP FUSION covers computer software enabling the user to gain a single point of access to electronic exchanges for the trading of securities, aggregated information about the financial markets, real time financial market data, financial analytics, and streaming of news and commentary in Class 9.

30.     A true and correct copy of the registration certificate for U.S. Registration Number 5,034,049 is attached hereto as **Exhibit D**.

31.     Plaintiff's U.S. Trademark Application Serial Number 90/383,795 for ICAP EQUITIES covers inter-dealer securities brokerage services in Class 36. A true and correct copy of the application, together with an amended to allege use, is attached hereto as **Exhibit E**.

C.     **DEFENDANT ICAP'S HIDDEN USE OF THE INFRINGING MARKS TO MARKET TO BROKER DEALERS AND LARGE INSTITUTIONAL INVESTORS**

32.     Upon information and belief, Defendant iCap and/or its predecessor in interest iCap Equity, LLC, began using the Infringing Marks at some time after Plaintiff's use and registration of the ICAP Mark.  Records accessible from the Internet Archive show Defendant iCap's first use of the Infringing Marks on the Internet on August 6, 2012 at the website icapequity.com.  See **Exhibit F**.

33.     Upon information and belief, Defendant iCap took great pains to not call attention to its infringing use of the ICAP Mark.  In 2012, for example, it described itself as an "investment capital fund located in the Pacific Northwest with a focus on equity investment and lending for real estate deals." *Id.*

34.     Upon information and belief, Defendant iCap launched, in the period from 2012 to the present, approximately ten separate funds the names of which incorporated or incorporate the Infringing Marks including, inter alia, iCap Northwest Opportunity Fund, iCap Pacific

COMPLAINT FOR TRADEMARK INFRINGEMENT AND
RELATED CLAIMS - 9

4853-0527-3830.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

1    Income Fund, iCap Pacific Income Funds 2 through 5, iCap Pacific Northwest Income Fund,

2    iCap Pacific NW Opportunity & Income Fund, and iCap Pacific NW Opportunity & Income

3    Fund II (collectively, the "Funds"), all of which were marketed to investors and broker-dealers.

4         35.     Upon information and belief, Defendant iCap did not, at the time of the launch of

5    the Funds, while raising investment for the Funds, or at any point afterward, and does not now,

6    mention the Funds by name on the public website or otherwise promote the Funds by name in a

7    manner generally accessible to the public.

8         36.     Upon information and belief, commencing with Defendant iCap's inception of the

9    first of the Funds, Defendant iCap deliberately sought investment solely through private channels

10   rather than public marketing, so as to avoid notice of its use of the Infringing Marks in

11   connection with the Funds.

12        37.     It was not until 2018 that Defendant iCap began to attempt to secure nationwide

13   rights through U.S. trademark registrations.  Even then, it was careful to tailor its trademark

14   applications narrowly to real estate financing and investment services, presumably to avoid

15   attracting Plaintiff's attention or a refusal to register from the U.S. Trademark Office.  Defendant

16   iCap's trademark applications make no mention of its investment fund products, such as the

17   Funds.

18        38.     Consequently, Plaintiff did not become aware of Defendant iCap until 2018, when

19   Defendant iCap first filed its U.S. trademark application for the ICAP VAULT (the "ICAP

20   VAULT Mark") that iCap would adopt one year later, in 2019.  Specifically, on or about

21   June 29, 2018, Defendant iCap applied to the U.S. Patent and Trademark Office for registration

22   of the ICAP VAULT Mark, which application was assigned Serial Number 88/021,512 and was

23   registered on or about December 24, 2019 as U.S. Trademark Registration Number 5,945,188 for

24   real estate investment services; real estate financing services; financing of real estate

25   development projects; holding company services, namely, financial management and operational

26   management of real estate holdings in Class 36.

COMPLAINT FOR TRADEMARK INFRINGEMENT AND
RELATED CLAIMS - 10

4853-0527-3830.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

1  39. It was not until 2020 that Defendant iCap filed a U.S. trademark application for

2 ICAP EQUITY, which upon information and belief is being used by iCap to identify a

3 purportedly exclusive source of Defendant iCap's business and entire investment product line,

4 including the Funds.  Specifically, on or about May 13, 2020, Defendant iCap applied to the

5 U.S. Patent and Trademark Office for registration of the Infringing Design Mark, which

6 application was assigned Serial No. 88/914,478 (the "'ICAP EQUITY Mark"); the ICAP

7 VAULT Mark and ICAP EQUITY Mark are included within the Infringing Marks as defined in

8 Paragraph 3 above, together with all other infringing use of the ICAP Mark by defendant iCap.

9  40. As noted, in each of these applications Defendant iCap limited its description to

10 real estate financing and investment activities. Neither the ICAP VAULT nor the ICAP EQUITY

11 trademark applications made any reference to software, online trading platform services, or

12 intermediary services of any type.

13  41. Upon information and belief, in recent years Defendant iCap began using the

14 Infringing Marks to market its products, including investment funds, in connection with the

15 Infringing Marks to individual investors, institutional investors, broker-dealers, banks, and others

16 in the investment and financial services industries.

17  42. However, upon information and belief, and as with its trademark applications,

18 which are publicly accessible, Defendant iCap also took pains to minimize any public mention of

19 its infringing use of ICAP in connection with marketing and sales to these parties, most

20 especially, broker-dealers and large institutional investors that Plaintiff also targeted, presumably

21 to avoid objection or legal action from Plaintiff.

22  43. Upon information and belief, Defendant iCap's public-facing website makes no

23 mention of broker-dealers and/or large institutional investors, and Defendant iCap deliberately

24 does not make it public knowledge, that it markets its products to broker-dealers.

25  44. Upon information and belief, Defendant iCap directs its publicly accessible

26 materials and website towards individual investors, so it is difficult to discover its use of the

COMPLAINT FOR TRADEMARK INFRINGEMENT AND
RELATED CLAIMS - 11

4853-0527-3830.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

1  Infringing Marks to promote its investment products to broker-dealers and large institutional

2  investors.

3       45.    Upon information and belief, Defendant iCap was aware of Plaintiff's ownership

4  and use of the ICAP Mark and Plaintiff's trademark registrations for the ICAP Mark, yet

5  continued to expand its own use of the Infringing Marks despite its full knowledge of those

6  trademark registrations and ICAP's sale and offer of sale of its goods and services under the

7  ICAP Mark to broker dealers as well as large institutional investors.

8       46.    Upon information and belief, iCap intentionally conducted its sales and marketing

9  activities under the Infringing Marks in respect of broker dealers and large, institutional investors

10  in such a way that it would not be publicly visible, and so that Plaintiff would not be able to

11  discover its infringement.

12       47.    It took a document demand during a Trademark Trial and Appeal Board

13  proceeding (followed by the threat of a motion to compel) for Plaintiff to learn of Defendant

14  iCap's infringing activities.  Specifically, Plaintiff filed a Notice of Opposition to the ICAP

15  EQUITY Application on October 21, 2020, commencing Opposition No. 91265540 (the

16  "Opposition"), a proceeding that is currently pending before the Trademark Trial and Appeal

17  Board.  It was only upon the belated production of documents by Defendant iCap in the

18  Opposition during late March and April 2021 that Plaintiff learned of Defendant iCap's

19  infringing activities, both in respect of marketing to broker dealers and large institutional

20  investors, and as described below, in offering a trading platform under the Infringing Marks.

21  **D.    DEFENDANTS' USE OF THE INFRINGING MARKS FOR A TRADING**
       **PLATFORM**

22

23       48.    Upon information and belief, in or about early 2019, Defendant iCap began to

24  explore expanding its real estate investment products to include blockchain, token, and/or

25  cryptocurrency offerings.

26

COMPLAINT FOR TRADEMARK INFRINGEMENT AND
RELATED CLAIMS - 12

4853-0527-3830.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

49.     In the context of blockchain and cryptocurrency technology, "tokens" are cryptocurrencies in which each coin represents the ownership of a particular asset. By trading these tokens among participants in the blockchain, participants transfer ownership of the represented asset, and the transfer is recorded immutably on the blockchain.

50.     Upon information and belief, in or about 2019, Defendant iCap entered into a relationship with Defendant Harbor, in which Defendant Harbor would set up blockchain trading of tokens representing Defendant iCap's investment funds and build a trading platform for those tokens for use by investors and broker-dealers.

51.     On or about September 16, 2019, Defendant Harbor announced it would "tokenize" Defendant iCap's investment funds to allow investors in Defendant iCap's investment products to trade their investments among themselves on the blockchain.

52.     Upon information and belief, in or about the fourth quarter of 2019, Defendants iCap and Harbor had jointly built and launched an online trading platform and portal (the "Electronic Trading Platform") on which investors and broker-dealers can electronically buy, sell, and trade tokenized interests in Defendant iCap's investment funds and products online via the Internet.

53.     Upon information and belief, the Electronic Trading Platform is offered to users, including investors and broker-dealers, in connection with the Infringing Marks and displays the Infringing Marks extensively throughout its user interface.

54.     Upon information and belief, the Electronic Trading Platform could allow for trading of any security or asset using blockchain technology by representing that security or asset as a token.

55.     Upon information and belief, Defendant iCap uses the Infringing Marks in connection with the Electronic Trading Platform to investors and broker-dealers.

56.     Upon information and belief, Defendant iCap never applied to register the Infringing Marks for an electronic trading platform.

COMPLAINT FOR TRADEMARK INFRINGEMENT AND
RELATED CLAIMS - 13

4853-0527-3830.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

57.     Upon information and belief, Defendant Harbor utilizes the Electronic Trading Platform and the Infringing Marks to promote its services of building, hosting, and maintaining similar online trading platforms and portals.

58.     Plaintiff has not authorized or licensed Defendant Harbor to make any use of the ICAP Mark whatsoever.

59.     The continued offering for sale and sale of Defendant iCap's investment products in connection with the Infringing Marks will lead to confusion as to the source of Defendant iCap's investment products.

60.     The continued operation of the Electronic Trading Platform using the Infringing Marks is likely to cause confusion or mistake as to the source of the Electronic Trading Platform services, whether they interoperate with Plaintiff's online trading platforms (including ICAP Digital Asset Markets), or whether they are authorized by Plaintiff.

61.     This is especially true because Plaintiff has expanded into cryptocurrency service offerings. On or about June 17, 2019, Plaintiff launched ICAP Digital Asset Markets and began offering customers digital asset and cryptocurrency services in connection with the ICAP Mark, with the announced intention to provide the full range of Plaintiff's services to customers trading in cryptocurrencies and other digital assets such as tokens.  This was many months before Defendants announced their competing service using the Infringing Marks.

62.     Accordingly, and like Defendant iCap's activities in using the Infringing Marks for the Electronic Trading Platform, Defendant Harbor's use of the Infringing Marks to promote its online platform creation and hosting services is likely to lead to consumer confusion.

63.     Plaintiff has been damaged by the foregoing infringing and wrongful acts of Defendants, including, without limitation, suffering actual damages.

64.     Defendants' wrongful conduct and infringing activities will continue unless enjoined by this Court.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

# V. CLAIMS

## COUNT I
### VIOLATION OF SECTION 32(1) OF THE LANHAM ACT 15 U.S.C. § 1114(1)
### (Against Defendants iCap and Harbor)

65.     Plaintiff repeats and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

66.     Defendant iCap's use of the Infringing Marks to promote, offer for sale, and sell investment products in connection with the Infringing Marks constitutes a use in commerce that is likely to continue to cause confusion, to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)).

67.     Defendants iCap and Harbor's use of the Infringing Marks in connection with the promotion, operation, offer for sale, and sale of the Electronic Trading Platform constitutes a use in commerce that is likely to continue to cause confusion, to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)).

68.     Defendant Harbor's use of the Infringing Marks to promote its trading platform design and operation services constitutes a use in commerce that is likely to continue to cause confusion, to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)).

69.     Defendants iCap and Harbor's use of the Infringing Marks commenced well after Plaintiff's use of the ICAP Mark.

70.     Defendants iCap and Harbor's activities were committed willfully, knowingly, and in conscious disregard of Plaintiff's prior rights in the ICAP Mark.

71.     Plaintiff has no adequate remedy at law.  Defendants iCap and Harbor's conduct has caused, and if not enjoined will continue to cause, immediate and irreparable damage to Plaintiff's trademark rights, business, reputation, and goodwill in a manner that cannot be adequately calculated or compensated in money damages alone.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

72.     Due to Defendants iCap and Harbor's violations of the Lanham Act, Plaintiff is entitled to injunctive relief, actual, compensatory, and punitive damages in an amount to be determined at trial, attorney fees, costs, and disbursements.

**COUNT II**
**VIOLATION OF SECTION 43(A) OF THE LANHAM ACT 15 U.S.C. § 1125(A)**
**(Against Defendants iCap and Harbor)**

73.     Plaintiff repeats and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

74.     Section 43(a)(1) of the Lanham Act provides:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact or false or misleading representation of fact, which — (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or — (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C.A. § 1125(a).

75.     Defendant iCap's use of the Infringing Marks in connection with the promotion, offering for sale, and sale of investment products constitutes false designations of origin, which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant iCap's investment products with Plaintiff, or as to the origin, sponsorship, or approval of Defendant iCap's investment products by Plaintiff, in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

76.     Defendants iCap and Harbor's use of the Infringing Marks in connection with the operation, offer for sale and sale of the Electronic Trading Platform constitutes false designations of origin, which are likely to cause confusion, or to cause mistake, or to deceive as to the

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

1  affiliation, connection, or association of the Electronic Trading Platform with Plaintiff, or as to

2  the origin, sponsorship, or approval of the Electronic Trading Platform by Plaintiff, in violation

3  of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

4       77.     Defendant Harbor's use of the Infringing Marks to promote its  platform design

5  and operation services constitutes false designations of origin, which are likely to cause

6  confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of

7  Defendant Harbor's services with Plaintiff, or as to the origin, sponsorship, or approval of

8  Defendant Harbor's services by Plaintiff, in violation of Section 43(a) of the Lanham Act (15

9  U.S.C. § 1125(a)).

10      78.     Defendants iCap and Harbor's actions have continued in spite of Defendants'

11  knowledge that the use of the Infringing Marks, or any marks incorporating the Infringing

12  Marks, is in violation of Plaintiff's rights.

13      79.     Defendants iCap and Harbor's actions were committed willfully, knowingly, and

14  in conscious disregard of Plaintiff's legal rights.

15      80.     Plaintiff has no adequate remedy at law.  iCap and Harbor's conduct has caused,

16  and if not enjoined will continue to cause, immediate and irreparable damage to Plaintiff's

17  trademark rights, business, reputation, and goodwill in a manner that cannot be adequately

18  calculated or compensated in money damages alone.

19      81.     Due to Defendants iCap and Harbor's violations of the Lanham Act, Plaintiff is

20  entitled to injunctive relief, actual, compensatory, and punitive damages in an amount to be

21  determined at trial, attorney fees, costs, and disbursements.

22                              **COUNT III**
                **CONTRIBUTORY TRADEMARK INFRINGEMENT**
23                       **(Against Defendant Harbor)**

24      82.     Plaintiff repeats and incorporates by reference each of the preceding paragraphs

25  as if fully set forth herein.

26

COMPLAINT FOR TRADEMARK INFRINGEMENT AND
RELATED CLAIMS - 17

4853-0527-3830.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

83.     Defendant Harbor's conduct, i.e., intentionally inducing Defendant iCap and/or third parties to infringe the ICAP Mark by, upon information and belief, designing, building, hosting, and/or maintaining an online platform that extensively uses the Infringing Marks in its branding and user interface for use by consumers in the United States, constitutes contributory trademark infringement under the Lanham Act and the common law of the State of Washington .

84.     Defendant Harbor's conduct, i.e., upon information and belief, continuing to provide software, hosting, and support services to Defendant iCap in connection with the provision of the Electronic Trading Platform in the United States, despite having knowledge or reason to know that Defendant iCap is engaging in trademark infringement of the ICAP Mark, constitutes contributory trademark infringement in violation of the Lanham Act and the common law of the State of Washington.

85.     Defendant Harbor's actions were committed willfully, knowingly, and in conscious disregard of Plaintiff's legal rights.

86.     Plaintiff has no adequate remedy at law.  Defendant Harbor's conduct has caused, and, if not enjoined, will continue to cause immediate and irreparable damage to Plaintiff's trademark rights, business, reputation, and goodwill in a manner that cannot be adequately calculated or compensated in money damages alone.

**COUNT IV**
**CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 5945188**
**FOR ICAP VAULT BASED ON LIKELIHOOD OF CONFUSION**
**(Against Defendant iCap)**

87.     Plaintiff repeats and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

88.     Upon information and belief, Plaintiff's use of the ICAP Mark predates Defendant iCap's use of the Infringing Marks by nine years.

89.     The mark ICAP VAULT, which is the subject of U.S. Trademark Registration Number 5945188, incorporates in its entirety the ICAP Mark.

COMPLAINT FOR TRADEMARK INFRINGEMENT AND
RELATED CLAIMS - 18

4853-0527-3830.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

90. Defendant iCap is offering for sale and selling services under the ICAP VAULT mark that are related to and directed to the same customers, namely broker dealers and institutional investors, as Plaintiff's services under the ICAP Mark.

91. Such use is likely to confuse consumers as to the source, sponsorship, or affiliation of the Defendant's services, thus harming Plaintiff.

92. Defendants are entitled to an order of this Court, as authorized by 15 U.S.C. § 1119, cancelling, and directing the U.S. Trademark Office to cancel, or Defendant iCap to surrender for cancellation, purported U.S. Trademark Registration Number 5945188.

**COUNT V**
**DENIAL OR ORDER TO ABANDON U.S. TRADEMARK APPLICATION NO. 88914478 FOR ICAP EQUITY BASED ON LIKELIHOOD OF CONFUSION**
**(Against Defendant iCap)**

93. Plaintiff repeats and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

94. Upon information and belief, Plaintiff's use of the ICAP Mark predates Defendant iCap's use of the Infringing Marks by nine years.

95. The mark ICAP EQUITY, which is the subject of U.S. Trademark Application Serial Number 88/914,478, incorporates in its entirety the ICAP Mark.

96. Defendant iCap is offering for sale and selling services under the ICAP EQUITY mark that are related to and directed to the same customers, namely broker dealers and institutional investors, as Plaintiff's services under the ICAP Mark. Such use is likely to confuse consumers as to the source, sponsorship, or affiliation of the Defendant's services, thus harming Plaintiff.

97. The registrability of the ICAP EQUITY mark is directly related to the subject matter of this action, namely Defendant iCap's use of the Infringing Marks, which include ICAP EQUITY.

98. The ICAP Mark is the subject of multiple U.S. trademark registrations.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON 98121

99.     Accordingly, this Court, as authorized by 15 U.S.C. § 1119, and its other authority, should direct the U.S. Trademark Office to deny U.S. Trademark Application Serial Number 88/914,478, or direct Defendant iCap to abandon U.S. Trademark Application Serial Number 88/914,478, with prejudice.

100.     Additionally, this Court should enjoin Defendant iCap, its successors, privies and assigns, and any person or entity acting on their behalf or in concert with them, from filing any application with the U.S. Trademark Office for the ICAP Mark or any mark confusingly similar thereto.

**COUNT VI**
**COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**
**CLAIM UNDER WASHINGTON STATE LAW**
**(Against Defendant iCap)**

101.     Plaintiff repeats and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

102.     Plaintiff's ICAP Mark is a valid and legally protectable mark and is used in commerce in connection with financial services, including equities trading.

103.     There is a likelihood of confusion arising from Defendants' use of the ICAP Mark for investment products and online trading platform services.

104.     Defendants' use of the Infringing Marks constitutes common law trademark infringement and unfair competition, in violation of Washington state law.

**COUNT VII**
**VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT (RCW 19.86)**
**(Against Defendants iCap and Harbor)**

105.     Plaintiff repeats and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

106.     Defendants have intentionally promoted and branded their competing products and services using the Infringing Marks so as to pass off Defendants' products and services as Plaintiff's products and services, to cause confusion and to deceive purchasers as to the source,

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

1    sponsorship, approval or certification of, or the affiliation, connection or association of

2    Defendants' products and services with those of Plaintiff, and to obtain the acceptance of

3    Defendants' products and services based on the reputation and goodwill of Plaintiff

4         107.    Defendants' actions have and will continue to cause confusion, mistake and

5    deception among the purchasing public as to the source of Defendants' products and services.

6    Further, Defendants' actions are likely to deceive others into believing that Defendants' goods

7    and services are sponsored by, approved by, or affiliated with Plaintiff.

8         108.    Defendants' unauthorized use of marks that are confusingly similar to Plaintiff's

9    registered and common-law marks constitutes an unfair or deceptive act or practice and an unfair

10   method of competition in the conduct of trade or commerce, which is and will be injurious to the

11   public interest, in violation of the Washington State Consumer Protection Act, RCW Ch. 19.86 et

12   seq.

13        109.    As a result of these acts of infringement, deception, and unfair competition,

14   Plaintiff has and will continue to suffer great injury and damage in an amount to be proven at

15   trial.  Plaintiff also will continue to suffer irreparable injury to its reputation and goodwill unless

16   Defendants are restrained by this Court.  Plaintiff requests the Court enter judgment for

17   Plaintiff's damages and treble those to the statutory limit, together with reasonable attorney fees

18   pursuant to RCW 19.86.090.

19                          **VI. <u>PRAYER FOR RELIEF</u>**

20        WHEREFORE, Plaintiff prays for the following relief:

21        A.    A judgment entered in favor of Plaintiff on its claim that each of Defendant iCap

22   and Defendant Harbor has infringed Plaintiff's ICAP Mark;

23        B.    A judgment entered in favor of Plaintiff on its claim that Defendant Harbor has

24   contributorily infringed Plaintiff's ICAP Mark;

25        C.    A permanent injunction restraining the Defendants from:

26

COMPLAINT FOR TRADEMARK INFRINGEMENT AND
RELATED CLAIMS - 21

4853-0527-3830.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

1    i.    directly or indirectly infringing Plaintiff's registered or common-law trademarks comprising or including the ICAP Mark in any manner, including but not limited to, manufacturing, distributing, advertising, selling, or offering for sale any products or services in connection with the marks that infringe the ICAP Mark; and

ii.   using the ICAP Mark or any reproduction, counterfeit, copy, or colorable imitation of such mark in connection with the advertising, display, marketing, sale, offering for sale, or other use of any product or service; and

iii.  using any trademark or service mark which is a reproduction, counterfeit, copy, confusingly similar to or colorable imitation of the ICAP Mark for its products in connection with the manufacture, distribution, advertising, display, marketing, sale, offering for sale, or other use of any product;

D.    A judgment and order that Defendants make an accounting to Plaintiff and pay over to Plaintiff the extent of Defendants' total profits and revenues realized and derived from its infringement of Plaintiff's ICAP Mark, and actual damages to Plaintiff in an amount to be proven at trial;

E.    An Order directing the U.S. Trademark Office to refuse, or Defendant iCAP to abandon, U.S. Trademark Application Serial Number 88/914,478, and directing Defendants, their successors, privies and assigns, and any person or entity acting on their behalf or in concert with one or both of them, to refrain from filing any new U.S. trademark applications comprising or including the ICAP Mark or a mark confusingly similar thereto;

F.    An Order directing the U.S. Trademark Office to cancel U.S. Trademark Registration Number 5,945,188 or directing Defendant iCap to surrender said registration for cancellation, and directing Defendants, their successors, privies and assigns, and any person or entity acting on their behalf or in concert with one or both of them, to refrain from filing any new U.S. trademark applications comprising or including the ICAP Mark or a mark confusingly similar thereto;

G.    An Order deeming this case an exceptional case pursuant to 15 U.S.C. § 1117(a) and (b), and that Defendants iCap and Harbor be deemed liable for and be ordered to pay

COMPLAINT FOR TRADEMARK INFRINGEMENT AND
RELATED CLAIMS - 22

4853-0527-3830.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121

1    Plaintiff, in addition to the aforesaid damages, Plaintiff's costs and attorney fees, and that the

2    amount of actual damages be trebled;

3           H.      An award of damages, treble damages to the statutory limit, and attorney fees

4    pursuant to RCW Ch. 19.86, and

5           I.      Such other and further relief as the Court may deem just and necessary.

6                              **VII. <u>JURY DEMAND</u>**

7           Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by a jury on all issues

8    so triable.

9           DATED this 22nd day of April, 2021.

10

11                                      By:  s/ *Brian W. Esler*
                                        Brian W. Esler, WSB No. 22168
12                                      Miller Nash Graham & Dunn LLP
                                        Pier 70
13                                      2801 Alaskan Way, Suite 300
                                        Seattle, WA 98121
14                                      Telephone:  (206) 624-8300
                                        Fax:  (206) 340-9599
15                                      E-mail:  brian.esler@millernash.com

16                                      Jeanne M. Hamburg
                                        (*Pending Pro Hac Vice Admission*)
17                                      David H. Siegel
                                        (*Pending Pro Hac Vice Admission*)
18                                      Norris McLaughlin, P.A.
                                        7 Times Square, 21st Floor
19                                      New York, NY 10036
                                        (212) 808-0700
20

21                                          Attorneys for Plaintiff

22

23

24

25

26

COMPLAINT FOR TRADEMARK INFRINGEMENT AND
RELATED CLAIMS - 23

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, SUITE 300
SEATTLE, WASHINGTON  98121