Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TP ICAP AMERICAS HOLDINGS INC.,

Plaintiff,

v.

ICAP ENTERPRISES, INC. and HAFEN, LLC,

Defendants.

C21-539-TSZ

STIPULATED PROTECTIVE ORDER

1.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.   "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

- Future, intended, or prospective business plans;

- Non-public documents required to be created by regulation or statute;

STIPULATED PROTECTIVE ORDER - 1

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

- Marketing documents not intended for public or general distribution;

- User manuals or instructions for TP ICAP's services, software, or platforms;

- Contracts and attachments which are, by nature and/or express terms, confidential to the signatories to such contracts;

- Non-public business agreements; and

- Non-public documents related to a party's business plans or operations, including private placement offering documents and internal communications.

"Attorney's Eyes Only" material shall include the following documents and tangible things produced or otherwise exchanged:

- Each party's customer lists;

- Documents including unredacted bank account numbers or other unique identifiers;

- Contracts and attachments which are, by nature and/or express terms, confidential to the signatories to such contracts <u>and</u> one or more of such signatories is, may, and/or is alleged to be an actual or potential competitor of any other party;

- Documents including unredacted details of specific transactions by third parties; and

- Each party's non-public financial statements.

3.   <u>SCOPE</u>

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

STIPULATED PROTECTIVE ORDER - 2

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

    4.1    <u>Basic Principles</u>. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

    4.2    <u>Disclosure</u>

    (a) <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose materials designated "CONFIDENTIAL" only to:

        (i)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

        (ii)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is Attorney's Eyes Only and is so designated;

        (iii)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (iv)    the court, court personnel, and court reporters and their staff;

        (v)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

STIPULATED PROTECTIVE ORDER - 3

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

1        (vi)    during their depositions, witnesses in the action to whom disclosure

2  is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be

3  Bound" (Exhibit A), unless otherwise agreed by the designating party, or ordered by the

4  court. Pages of transcribed deposition testimony or exhibits to depositions that reveal

5  confidential material must be separately bound by the court reporter and may not be

6  disclosed to anyone except as permitted under this agreement; and

7        (vii)    the author or recipient of a document containing the information or

8  a custodian or other person who otherwise possessed or knew the information and who has

9  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

10        (b) Disclosure of "ATTORNEYS' EYES ONLY" Information or Items.  Unless

11  otherwise ordered by the court or permitted in writing by the designating party, a receiving

12  party may disclose materials designated "ATTORNEYS' EYES ONLY" only to the

13  persons described in categories (i), (iii), (iv), (v) and (vii), in Section 4.2(a) above.  In

14  addition, a receiving party may disclose materials designated "ATTORNEYS' EYES

15  ONLY" to a witness, during their deposition in this action, to whom disclosure is essential

16  to their deposition and who have signed the "Acknowledgment and Agreement to Be

17  Bound" (Exhibit A), and only upon agreement by the designating party or ordered by the

18  court. Pages of transcribed deposition testimony or exhibits to depositions that reveal

19  Attorney's Eyes Only material must be separately bound by the court reporter and may not

20  be disclosed to anyone except as permitted under this agreement:

21      4.3    Filing Confidential Material. Before filing confidential material or discussing or

22  referencing such material in court filings, the filing party shall confer with the designating party,

23  in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will

24  remove the confidential designation, whether the document can be redacted, or whether a motion

25  to seal or stipulation and proposed order is warranted. During the meet and confer process, the

26  designating party must identify the basis for sealing the specific confidential information at issue,

STIPULATED PROTECTIVE ORDER - 4

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

1  and the filing party shall include this basis in its motion to seal, along with any objection to sealing

2  the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and

3  the standards that will be applied when a party seeks permission from the court to file material

4  under seal. A party who seeks to maintain the confidentiality of its information must satisfy the

5  requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.

6  Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with

7  the strong presumption of public access to the Court's files.

8  5.   <u>DESIGNATING PROTECTED MATERIAL</u>

9      5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party

10 or non-party that designates information or items for protection under this agreement must take

11 care to limit any such designation to specific material that qualifies under the appropriate

12 standards. The designating party must designate for protection only those parts of material,

13 documents, items, or oral or written communications that qualify, so that other portions of the

14 material, documents, items, or communications for which protection is not warranted are not swept

15 unjustifiably within the ambit of this agreement.

16     Mass, indiscriminate, or routinized designations are prohibited. Designations that are

17 shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

18 unnecessarily encumber or delay the case development process or to impose unnecessary expenses

19 and burdens on other parties) expose the designating party to sanctions.

20     If it comes to a designating party's attention that information or items that it designated for

21 protection do not qualify for protection, the designating party must promptly notify all other parties

22 that it is withdrawing the mistaken designation.

23     5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

24 agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

25 ordered, disclosure or discovery material that qualifies for protection under this agreement must

26 be clearly so designated before or when the material is disclosed or produced.

STIPULATED PROTECTIVE ORDER - 5

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

1       (a)   <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents and

2 deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

3 the designating party must affix the word "CONFIDENTIAL" to each page that contains

4 confidential material. If only a portion or portions of the material on a page qualifies for protection,

5 the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate

6 markings in the margins).

7       (b)   <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties

8 and any participating non-parties must identify on the record, during the deposition or other pretrial

9 proceeding, all protected testimony, without prejudice to their right to so designate other testimony

10 after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the

11 transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or

12 exhibits thereto, as confidential.  If a party or non-party desires to protect confidential information

13 at trial, the issue should be addressed during the pre-trial conference.

14       (c)   <u>Other tangible items</u>: the producing party must affix in a prominent place

15 on the exterior of the container or containers in which the information or item is stored the word

16 "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

17 the producing party, to the extent practicable, shall identify the protected portion(s).

18     5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

19 designate qualified information or items does not, standing alone, waive the designating party's

20 right to secure protection under this agreement for such material. Upon timely correction of a

21 designation, the receiving party must make reasonable efforts to ensure that the material is treated

22 in accordance with the provisions of this agreement.

23 6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

24     6.1   <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of

25 confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

26 designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is

STIPULATED PROTECTIVE ORDER - 7

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

1  subject to this agreement. Such notification shall include a copy of this agreement; and

2          (c)     cooperate with respect to all reasonable procedures sought to be pursued by

3  the designating party whose confidential material may be affected.

4  8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

5          If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

6  material to any person or in any circumstance not authorized under this agreement, the receiving

7  party must immediately (a) notify in writing the designating party of the unauthorized disclosures,

8  (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the

9  person or persons to whom unauthorized disclosures were made of all the terms of this agreement,

10  and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be

11  Bound" that is attached hereto as Exhibit A.

12  9.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

13  MATERIAL

14          When a producing party gives notice to receiving parties that certain inadvertently

15  produced material is subject to a claim of privilege or other protection, the obligations of the

16  receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

17  is not intended to modify whatever procedure may be established in an e-discovery order or

18  agreement that provides for production without prior privilege review. The parties   agree to the

19  entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

20  10.    NON TERMINATION AND RETURN OF DOCUMENTS

21          Within 60 days after the termination of this action, including all appeals, each receiving

22  party must return all confidential material to the producing party, including all copies, extracts and

23  summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

24          Notwithstanding this provision, counsel are entitled to retain one archival copy of all

25  documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

26

STIPULATED PROTECTIVE ORDER - 8

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

1   deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

2   product, even if such materials contain confidential material.

3        The confidentiality obligations imposed by this agreement shall remain in effect until a

4   designating party agrees otherwise in writing or a court orders otherwise.

5        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

6   By: s/ *Brian W. Esler*                    By: s/ *William C. Rava*
    Brian W. Esler, WSB No. 22168           William C. Rava, WSB No. 29948
7   Miller Nash LLP                         Perkins Coie LLP
    Pier 70                                 1201 Third Avenue, Suite 4900
8   2801 Alaskan Way, Suite 300             Seattle, WA 98101-3099
    Seattle, WA 98121                       206-359-8000
9   Telephone: (206) 624-8300
    Fax: (206) 340-9599                     Sabrina J. Danielson
10  Email: brian.esler@millernash.com       Perkins Coie LLP
                                            1900 Sixteenth Street, Suite 1400
11  Jeanne M. Hamburg                       Denver, CO 80202-5255
    (Admitted *Pro Hac Vice*)               303-291-2300
12  David H. Siegel
    (Admitted *Pro Hac Vice*)                    Attorneys for Defendant
13  Norris McLaughlin, P.A.                      iCap Enterprises, Inc.
    7 Times Square, 21ˢᵗ Floor
14  New York, NY 10036
    (212) 808-0700
15
16       Attorneys for Plaintiff
         TP ICAP Americas Holdings Inc.
17
    By:  s/ *Doug Tilley*
18  Benjamin L. Singer
    415-500-6077
19  Doug Tilley
    Singer Cashman LLP
20  628-400-3961
    505 Montgomery Street, Suite 1150
21  San Francisco, CA 94111

22  Michael G. Atkins, WSBA #26026
    Atkins Intellectual Property, PLLC
23  113 Cherry Street #18483
    Seattle, WA 98104-2205
24  (206) 628-0983
    Email: mike@atkinsip.com
25
         Attorneys for Defendant
26       Hafen, LLC

STIPULATED PROTECTIVE ORDER - 9

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

1

**<u>ORDER</u>**

2

3
 PURSUANT TO STIPULATION, IT IS SO ORDERED

4
 IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

5
documents in this proceeding shall not, for the purposes of this proceeding or any other federal or

6
state proceeding, constitute a waiver by the producing party of any privilege applicable to those

7
documents, including the attorney-client privilege, attorney work-product protection, or any other

8
privilege or protection recognized by law.

9

10
 DATED this 19th day of August, 2021

11

12

13
        Thomas S. Zilly
        United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER - 10

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3   I, _____ [print or type full name], of

4   _____ [print or type full address], declare under penalty of

5   perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6   issued by the United States District Court for the Western District of Washington on [date] in the

7   case of TP ICAP Americas Holdings Inc v. ICAP Enterprises Inc et al 2:21-cv-00539-TSZ.  I agree

8   to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

9   and acknowledge that failure to so comply could expose me to sanctions and punishment in the

10   nature of contempt.  I solemnly promise that I will not disclose in any manner any information or

11   item that is subject to this Stipulated Protective Order to any person or entity except in strict

12   compliance with the provisions of this Order.

13       I further agree to submit to the jurisdiction of the United States District Court for the

14   Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

15   Order, even if such enforcement proceedings occur after termination of this action.

16   Date: _____

17   City and State where sworn and signed: _____

18   Printed name: _____

19   Signature: _____

20

21

22

23   4853-0967-6790.1

24

25

26

STIPULATED PROTECTIVE ORDER - 11

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
PIER 70
2801 ALASKAN WAY, STE 300
SEATTLE, WASHINGTON 98121